UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID W. BRUMMETT,<br><br>      Petitioner,<br><br>v.<br><br>KEVIN KEMPF,[1]<br><br>      Respondent. | Case No. 1:15-cv-00051-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner David W. Brummett's Petition for Writ of Habeas Corpus, challenging his Ada County convictions for burglary and petit theft. (Dkt. 3.) Since the filing of the Petition, Petitioner has been released on parole. The Petition is now fully briefed and ripe for adjudication. (Dkt. 14, 18.)

Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing Claims 15, 17(b), and 18 for lack of jurisdiction, dismissing Claims 1, 2, 9(b), 10, 12(b), and 13 as procedurally defaulted, and denying Petitioner's remaining claims on the merits.

---

[1] Respondent Kempf, the Director of the Idaho Department of Correction, is substituted for Brian Finn, the warden of the prison facility in which Petitioner was formerly incarcerated. *See* Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner was charged in the Fourth Judicial District Court in Ada County, Idaho, with burglary, petit theft, and a persistent violator sentencing enhancement. The charges were based on the following facts as determined by the Idaho Court of Appeals:

> In 2007, loss prevention officers at various Shopko retail stores in the Treasure Valley became aware of an individual who had stolen electronic merchandise by using a knife to cut the products from their packaging. The individual, later identified as [Petitioner], would then wander to other parts of the store to dispose of the packaging while hiding the merchandise in his clothing. The stores first became aware of [Petitioner] after empty packaging was discovered at two Shopko stores in Boise and Meridian. After reviewing surveillance tapes from the two stores on March 11, loss prevention officers observed that the thefts were both perpetrated by [Petitioner]. Warning was given to all the local Shopko stores along with [Petitioner's] description. Despite the warning, additional electronics were stolen from a Shopko located in Nampa. After reviewing the surveillance tapes from June 5, loss prevention officers observed that this theft was also perpetrated by [Petitioner] while wearing the same clothing as during the previous thefts.
>
> On June 17, employees at the Shopko store in Nampa observed [Petitioner] wandering in the electronics department. Store employees remained close to him until he left without further incident. However, store management called the Meridian Shopko to alert them that [Petitioner] might attempt another theft. Soon thereafter, loss prevention officers from the Meridian Shopko observed [Petitioner] enter the store and wander in the electronics section looking around nervously as he had done on previous occasions. [Petitioner] cut the packaging on some electronic products and then

**MEMORANDUM DECISION AND ORDER - 2**

wandered through the electronics section. He soon returned to the cut packaging and removed the products and hid them on his person along with items taken from the electronics clearance section. [Petitioner] then left the store after walking through another section of the store. Police officers arrested [Petitioner] as he left the store. After searching [Petitioner], officers discovered the stolen merchandise as well as a small pocketknife. [Petitioner] admitted that the items belonged to Shopko and had not been purchased.

.... Prior to trial, the state filed a notice of intent to use I.R.E. 404(b) evidence of [Petitioner's] prior thefts at other Shopko stores. [Petitioner] filed a motion in limine to exclude any mention of his prior uncharged misconduct. The district court held, among other things, that the evidence was relevant and admissible to show [Petitioner's] intent to commit the theft upon entering the store on the day in question. At trial, evidence was presented from several loss prevention officers from the Shopko stores who testified to the past thefts committed by [Petitioner] as well as the most recent theft which led to his current charges. [Petitioner] testified that he went to the store to look for a fuse and did not intend to steal anything until he was already inside. He claimed that he had a credit card as well as eight dollars in cash1 and that he first went to the Nampa Shopko, but they did not have the product he was looking for. [Petitioner] admitted that he had previously shoplifted at the Meridian Shopko, but denied shoplifting at the Nampa location.

(State's Lodging B-4 at 1-2.)

The jury found Petitioner guilty of burglary and petit theft, and the trial court found that Petitioner was a persistent violator. (*Id*.) The trial court sentenced Petitioner to a unified term of fifteen years in prison with five years fixed for the enhanced burglary conviction, as well as a concurrent term of 365 days for the petit theft conviction.

On direct appeal, Petitioner argued that the trial court abused its discretion, under the Idaho Rules of Evidence, by (1) admitting evidence of Petitioner's prior bad acts and

**MEMORANDUM DECISION AND ORDER - 3**

(2) allowing the prosecutor to exceed the scope of direct examination when cross-examining Petitioner. Petitioner also argued that the cumulative effect of these two errors required a new trial. (State's Lodging B-1, B-3.) The Idaho Court of Appeals affirmed. (State's Lodging B-4.) The Idaho Supreme Court denied review.

Petitioner then filed a state petition for post-conviction relief, asserting ineffective assistance of counsel on numerous grounds, as well as violations of the right to a speedy trial, the right to be free from double jeopardy, and the right to due process. (State's Lodging C-2 at 4-29.) Petitioner was later appointed counsel. The state district court summarily dismissed the petition. On appeal from the denial of his post-conviction petition, Petitioner identified 29 issues in his opening brief, including that his trial and direct appeal counsel rendered ineffective assistance in various ways. (State's Lodging D-7, D-8, D-9.)

The Idaho Court of Appeals expressly discussed only four issues raised by Petitioner: ineffective assistance of trial counsel based on counsel's (1) failure to make various objections at trial, (2) failure to pursue a motion to dismiss and a motion for a mistrial, (3) failure to argue entrapment, and (4) advising Petitioner against attempting to disqualify counsel. (State's Lodging D-11 at 5-7.) The court stated that Petitioner's other claims "will not be addressed because they are not properly before the Court." (*Id*. at 7.) Despite this statement that the court would not consider the other claims, the court of appeals then appeared to deny at least some of those issues on the merits:

> Each claim fails because the issue was either raised on direct
> appeal and cannot be considered in a post-conviction
> proceeding, should have been raised on direct appeal, was not

**MEMORANDUM DECISION AND ORDER - 4**

raised to the district court below and will not be considered
for the first time on appeal, *or is otherwise without merit*.

(*Id*.) The Idaho Supreme Court denied review.

Petitioner later returned to the state trial court and filed a successive petition for post-conviction relief, which the trial court denied because Petitioner had not shown a sufficient reason, under Idaho Code § 19-4908, why the claims in the successive petition could not have been raised, or were raised inadequately, in the initial post-conviction petition. (State's Lodging E-9, E-12.) Petitioner appealed, but the Idaho Supreme Court dismissed the appeal pursuant to Idaho Appellate Rule 11.2. (State's Lodging F-3, F-4.) That rule provides for the imposition of sanctions if a document signed by a lawyer or a pro se litigant is not, "to the best of the signer's knowledge, information, and belief after reasonable inquiry . . . well-grounded in fact [or] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or if the document is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Idaho App. R. 11.2.

In his federal Petition, Petitioner asserts the following claims:

| | |
|---|---|
| Claim 1: | Due process violation based on the admission of evidence of prior bad acts. |
| Claim 2: | Due process violation based on the prosecutor's cross-examination of Petitioner, which allegedly exceeded the scope of direct examination. |
| Claim 3: | Ineffective assistance of counsel ("IAC") based on (a) trial counsel's failure to pursue a motion to exclude evidence of prior bad acts, and (b) direct appeal |

MEMORANDUM DECISION AND ORDER - 5

counsel's failure to challenge the admissibility of the prior acts evidence on appeal.

Claim 4:    IAC based on trial counsel's failure to object to the late disclosure of evidence—specifically, a video of a person, identified by loss prevention officers as Petitioner, shoplifting on a previous occasion.

Claim 5:    IAC based on trial counsel's failure to continue to object to the "in-court identification" of Petitioner by loss prevention officers, who recognized Petitioner from the surveillance video referred to in Claim 4.

Claim 6:    IAC based on trial counsel's failure to investigate and obtain the booking sheet from Petitioner's arrest to impeach a police officer's statement as to the amount of money Petitioner was carrying when arrested.[2]

Claim 7:    IAC based on trial counsel's failure to object to the prosecutor's statements during closing argument regarding the amount of money Petitioner was carrying when arrested.

Claim 8:    IAC based on trial counsel's withdrawal of a motion for acquittal on the burglary charge.

Claim 9:    IAC based on trial counsel's (a) failure to object to the persistent violator enhancement as a double jeopardy violation, and (b) counsel's waiver of a jury trial on that enhancement.

Claim 10:   IAC based on trial counsel's failure to challenge Petitioner's prosecution as an equal protection violation.

Claim 11:   IAC based on trial counsel's failure to withdraw as Petitioner's attorney.

Claim 12:   IAC based on (a) trial counsel's failure to object, on Fifth Amendment grounds, to the prosecutor's cross-

---

[2]    Petitioner also cites counsel's failure to object to the prosecutor's statements regarding the money. However, because this allegation is also asserted in Claim 7, the Court will construe Claim 6 as challenging only trial counsel's alleged failure to properly investigate and obtain the booking sheet.

**MEMORANDUM DECISION AND ORDER - 6**

examination of Petitioner, and (b) direct appeal counsel's failure to raise this issue on appeal.

Claim 13:    IAC based on trial counsel's failure to object to the prosecutor's allegedly misleading and prejudicial statement that mispresented the reasonable doubt standard of proof.[3]

Claim 14:    IAC based on trial counsel's failure to impeach Officer Sunada with inconsistent statements as to the amount of money Petitioner was carrying when arrested.

Claim 15:    IAC based on counsel's consulting with Petitioner regarding a second preliminary hearing on the misdemeanor theft charge.[4]

Claim 16:    IAC based on trial counsel's failure to move to exclude Officer Sunada's testimony at trial on the grounds that the testimony was not admitted at Petitioner's second preliminary hearing.

Claim 17:    IAC based on trial counsel's failure to move to dismiss, at Petitioner's second preliminary hearing, on the grounds that (a) there was no probable cause with respect to the burglary charge, and (b) there was insufficient evidence to support the misdemeanor petit theft charge.

Claim 18:    IAC based on trial counsel's failure to object to a 12-person jury on the misdemeanor theft charge.

Claim 19:    IAC based on trial counsel's failure to file a timely motion to dismiss on speedy trial grounds.

(Dkt. 3, 6, 18.)

---

[3]    Petitioner initially states that Claim 13 challenges "jury instructions," but he goes on to clarify that the claim actually challenges counsel's failure to object to a statement in the prosecutor's closing argument. (Dkt. 3 at 18.)

[4]    The parties stipulated to a second preliminary hearing because the equipment used to record the first preliminary hearing had malfunctioned. (State's Lodging A-2 at 16-18, 38-39, 42.)

**MEMORANDUM DECISION AND ORDER - 7**

In his Answer and Brief in Support of Dismissal, Respondent argues that (1) Claims 15, 17, and 18 are subject to dismissal for lack of jurisdiction, (2) Claims 1, 2, 9, 10, 12, 13, 16, and 18 are procedurally defaulted, and (3) all of Petitioner's claims fail on the merits. (*See* Dkt. 14.)

## DISCUSSION

### 1.    Claims 15, 17(b), and 18 Are Subject to Dismissal for Lack of Jurisdiction

Respondent asserts that the Court lacks jurisdiction over Claims 15, 17, and 18, contending that these claims all relate to Petitioner's misdemeanor conviction and that Petitioner had fully served his sentence for that conviction prior to filing his Petition.

Habeas relief is not available if the petitioner is not "in custody pursuant to the judgment of a State court" at the time of the filing of the petition. 28 U.S.C. § 2254(a). This language requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

Here, Claims 15, 17(b), and 18 all challenge Petitioner's conviction for petit theft.[5] However, because Petitioner had fully served his 365-day sentence for misdemeanor theft

---

[5]    Claim 15 asserts that trial counsel should have moved to dismiss the misdemeanor petit theft charge instead of stipulating to a remand for a second preliminary hearing. (Dkt. 3 at 20.) Claim 17(b) asserts that trial counsel should have moved to dismiss the misdemeanor charge after the preliminary hearing. (*Id*. at 22.) And Claim 18 asserts that trial counsel should have objected to the use of a 12-person, rather than a 6-person, jury with respect to the misdemeanor charge. (*Id*. at 23.)

**MEMORANDUM DECISION AND ORDER - 8**

before he filed the instant Petition, the Court lacks subject matter jurisdiction over those claims. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction."). Therefore, the Court will dismiss Claims 15, 17(b), and 18.

Claim 17(a), however, challenges Petitioner's burglary conviction, for which he is still serving his sentence. (Dkt. 3 at 22.) The Court will discuss the merits of Claim 17(a) below.

## 2.    Procedural Default

Respondent argues that Claims 1, 2, 9, 10, 12, 13, and 16 are procedurally defaulted and therefore subject to dismissal.[6]

### A.    *Procedural Default Standard of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all his federal claims at least in a petition seeking review before that court. *Id.*

---

[6]    Respondent argues that Claim 18 is procedurally defaulted as well. However, the Court does not address this argument because, as explained above, it lacks jurisdiction over Claim 18.

**MEMORANDUM DECISION AND ORDER - 9**

at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Ordinarily, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case *has no signal in the text of the brief* that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented." (emphasis added). In *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."

**MEMORANDUM DECISION AND ORDER - 10**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin*, 541 U.S. at 32; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### B. Petitioner's Initial Post-Conviction Appeal Is the Only Proceeding in which Petitioner Properly Exhausted any of the Claims in the Petition

Because proper exhaustion requires a complete round of the state's appellate review process, the Court must look to Petitioner's state court appellate proceedings to determine which claims were raised and addressed on the merits in those proceedings.

Petitioner raised no federal claims on direct appeal. (*See* State's Lodging B-1, B-3.) Thus, he did not exhaust any of his current claims during those proceedings.

**MEMORANDUM DECISION AND ORDER - 11**

Petitioner did raise federal claims on appeal from the dismissal of his successive post-conviction petition. However, none of those claims were addressed on the merits by the state appellate court.

In summarily dismissing Petitioner's successive post-conviction appeal as frivolous, the Idaho Supreme Court relied on Idaho Appellate Rule 11.2, which allows for sanctions, such as dismissal, if a party signs a court document that is frivolous. It did not issue a reasoned decision. Therefore, this Court looks through the Idaho Supreme Court's decision—to the decision of the state district court—to determine the basis for the appellate court's conclusion that the appeal was frivolous. *See Ylst v. Nunnemaker*, 501 U. S. 797, 803-04 (1991).

The state district court dismissed all of the claims in Petitioner's successive petition pursuant to Idaho's successive petitions bar—Petitioner's claims either were raised, or should have been raised, in Petitioner's initial post-conviction petition. (State's Lodging E-9, E-12.) *See* Idaho Uniform Post-Conviction Procedures Act, Idaho Code § 19-4908 ("All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").

Because the state district court relied on a procedural bar in dismissing the successive petition, the Court presumes that the Idaho Supreme Court's "later decision rejecting [Petitioner's] claim[s] did not silently disregard that bar and consider the

**MEMORANDUM DECISION AND ORDER - 12**

merits." *Ylst*, 501 U. S. at 803. This presumption has not been rebutted; thus, this Court concludes that the Idaho Supreme Court, like the state district court, relied on Idaho Code § 19-4908 in finding Petitioner's successive post-conviction appeal frivolous.

This Court has already held that section 19-4908 is an adequate and independent basis for an Idaho court's refusal to address claims. *See, e.g., Gallegos v. Yordy*, No. 1:15-CV-00316-REB, 2016 WL 4186915, at *5 (D. Idaho Aug. 8, 2016); *McCormack v. Baldridge*, No. 1:10-cv-00289-EJL, 2012 WL 4138479, at *5-6 (D. Idaho Sept. 19, 2012). Therefore, because all of the claims in Petitioner's successive state post-conviction petition were barred by an adequate and independent state procedural ground, none of Petitioner's current claims could have been properly exhausted in his successive post-conviction proceedings.

Given that none of the Petitioner's claims were properly exhausted during his direct appeal or his appeal from the denial of his successive post-conviction petition, that leaves the Idaho Court of Appeals' decision upholding the dismissal of Petitioner's *initial* post-conviction petition as the only state court proceeding in which Petitioner could have properly exhausted any of his present habeas claims. This decision is found in the record at State's Lodging D-11. As explained more fully below in the Court's discussion of Petitioner's individual claims, the Idaho Court of Appeals addressed some of the claims on the merits, either explicitly or implicitly, but declined to address others for a variety of procedural reasons. The Court will now consider whether each of the claims that Respondent asserts are procedurally defaulted were raised and addressed on the merits by the Idaho Court of Appeals.

**MEMORANDUM DECISION AND ORDER - 13**

**C.**   ***Claims 1, 2, 9(b), 10, 12(b), and 13 Are Procedurally Defaulted, but Claims 9(a), 12(a), and 16 Are Not***

      i.    <u>Claims 1 and 2: due process violations based on the admission of evidence of prior bad acts and the prosecutor's cross-examination of Petitioner, which allegedly exceeded the scope of direct examination</u>

On direct appeal, Petitioner claimed that (1) the admission of the prior bad acts evidence violated Idaho Rule of Evidence 404(b), and (2) the prosecutor's cross-examination of Petitioner exceeded the scope of direct examination, thereby violating Idaho Rule of Evidence 611(b). (State's Lodging B-1, B-3.) He did not, however, fairly present a due process argument—or any other federal constitutional argument—as to either claim.

Petitioner points to the second to the last page of his opening brief on direct appeal, where he asserted that the cumulative error of the admission of the prior bad acts evidence and the prosecutor's cross-examination "deprived [Petitioner] of due process." (State's Lodging B-1 at 29; Dkt. 18 at 10.) However, this passing reference to due process was made only in the context of Petitioner's cumulative error argument—the argument had "no signal in the text of the brief" that Petitioner was asserting due process claims based specifically on the admission of evidence or Petitioner's cross-examination. *Casey*, 386 F.3d at 912 n.13. Further, this general "due process" statement did not fairly present Claims 1 and 2. *See Hiivala*, 195 F.3d at 1106.

Therefore, Claims 1 and 2 were not properly exhausted because Petitioner did not raise them as federal claims to the state appellate court. Because Petitioner can no longer do so, Claims 1 and 2 are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

**MEMORANDUM DECISION AND ORDER - 14**

    ii.       <u>Claim 9: IAC based on trial counsel's (a) failure to object to the persistent violator enhancement as a double jeopardy violation, and (b) counsel's waiver of a jury trial on that enhancement</u>

In Claim 9, Petitioner challenges two aspects of his trial counsel's representation as to his conviction on the persistent violator sentencing enhancement: (a) that counsel should have raised a double jeopardy claim, and (b) that counsel should not have waived a jury trial on the enhancement charge.

Petitioner included Claim 9(a) in the "Issues" section of his opening brief in his initial post-conviction appeal. (State's Lodging D-7 at 6, Issue 21.) However, Respondent argues that Petitioner did not support this claim with argument and that, as a result, the Idaho Court of Appeals declined to consider it. (Dkt. 14 at 12-13.)

It is true that the Idaho Court of Appeals did not explicitly discuss Claim 9(a). Further, in the section of the court's decision entitled, "Other Claims for Relief," the court of appeals stated that any claims that had not been discussed by the court would "not be addressed because they [were] not property before th[e] Court." (State's Lodging D-11 at 7.) However, the court of appeals also held that "[e]ach claim" raised by Petitioner failed for one of four reasons: (1) the claim was raised on direct appeal and thus could not be considered during post-conviction proceedings; (2) the claim should have been, but was not, raised on direct appeal and thus was deemed forfeited; (3) the claim was not raised to the state district court and thus could not be considered for the first time on appeal; or (4) the claim was "otherwise *without merit*." (*Id.*) (emphasis added). The first three reasons are procedural bars; the fourth is merits-based. Because

**MEMORANDUM DECISION AND ORDER - 15**

the court of appeals did, in fact, address at least some of Petitioner's "other claims for relief" on the merits, the Court must now determine whether Claim 9(a) was one of them.

Claim 9(a)—which asserts ineffective assistance of trial counsel for failure to object to the sentencing enhancement charge on double jeopardy grounds—was not, and could not have been, raised on direct appeal. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (recognizing that in Idaho the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," though in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record"). In addition, Claim 9(a) was raised in the state district court. (*See* State's Lodging C-2 at 24-26). Therefore, the first three reasons given by the Idaho Court of Appeals do not apply to that court's denial of Claim 9(a). By process of elimination, therefore, the Court concludes that the Idaho Court of Appeals denied Claim 9(a) for its fourth stated reason—the claim failed on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) (holding that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary," even if the state court decision is silent as to the reason for the denial). Claim 9(a) is not procedurally defaulted and will be discussed on the merits below.

However, Claim 9(b)—which alleges IAC based on counsel's waiver of a jury trial on the sentencing enhancement charge—was not raised before the Idaho Court of

**MEMORANDUM DECISION AND ORDER - 16**

Appeals. (State's Lodging D-7 at 4-6.) Because it is now too late to bring that claim in state court, Claim 9(b) is procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

        iii.      <u>Claim 10: IAC based on trial counsel's failure to challenge</u>
                        <u>Petitioner's prosecution as an equal protection violation</u>

In Claim 10, Petitioner contends that his trial counsel was ineffective for failing to challenge his prosecution as a violation of the Equal Protection Clause. Petitioner raised Claim 10 in the Issues section of his post-conviction appellate brief. (State's Lodging D-7 at 6.) And, like Claim 9(a), Claim 10 was not, and could not have been, raised on direct appeal. However, Petitioner did not raise this claim to the state district court in his initial post-conviction petition.[7] (State's Lodging C-2 at 4-29.) The Court thus concludes that the Idaho Court of Appeals declined to consider Claim 10 based on the state procedural rule that issues not raised in the district court will not be considered on appeal. (State's Lodging D-11 at 7 (declining to address claims that were "not raised to the district court below").)

Petitioner has not brought forth any evidence suggesting that this procedural rule is dependent on federal law or that it was not "clear, consistently applied, and well-established" at the time of Petitioner's post-conviction appeal. *Martinez v. Klauser*, 266 F.3d at 1093 (internal quotation marks omitted). In fact, this Court has found dozens of cases from the Idaho appellate courts that rely on this rule. *See, e.g., KEB Enterprises, L.P. v. Smedley*, 101 P.3d 690, 698 (Idaho 2004); *McKinney v. State*, 992 P.2d 144, 157

---

[7]      The only reference to the Equal Protection Clause in Petitioner's initial post-conviction petition was as follows: "The equal protection clause of the state and federal constitutions embrace the principle that all person [sic] in like circumstance should receive the same benefits of the law." (State's Lodging C-2 at 11 (internal quotation marks and alteration omitted).) This statement is far too general to constitute fair presentment.

(Idaho 1999); *Whitehawk v. State*, 804 P.2d 341, 343 (Idaho Ct. App. 1991) ("It is a well-settled rule that constitutional issues are waived, if raised for the first time on appeal.").

Because the Idaho Court of Appeals declined to consider Claim 10 on an adequate and independent state procedural ground, that claim is procedurally defaulted.

iv.      Claim 12: IAC based on (a) trial counsel's failure to object, on Fifth Amendment grounds, to the prosecutor's cross-examination of Petitioner, and (b) direct appeal counsel's failure to raise this issue on appeal

Claim 12 asserts ineffective assistance of trial counsel (Claim 12(a)) and direct appeal counsel (Claim 12(b)), based on both attorneys' alleged failure to argue that some of the prosecutor's questioning during Petitioner's cross-examination violated Petitioner's Fifth Amendment right to be free from compelled self-incrimination. (Dkt. 3 at 17.)

Petitioner raised, and the Idaho Court of Appeals addressed, Claim 12(a). (State's Lodging D-11 at 4-5 (discussing Petitioner's IAC claim regarding "'questions of incrimination' asked of [Petitioner] by the state").) Thus, Claim 12(a) is not procedurally defaulted and will be considered on its merits.

However, because Petitioner did not raise Claim 12(b) to the state appellate court, that sub-claim is procedurally defaulted. (*See* State's Lodging D-7.)

v.       Claim 13: IAC based on trial counsel's failure to object to the prosecutor's allegedly misleading and prejudicial statements that mispresented the reasonable doubt standard of proof

In Claim 13, Petitioner states that certain statements, made by the prosecutor during closing argument, had the effect of misrepresenting the reasonable doubt standard

**MEMORANDUM DECISION AND ORDER - 18**

to the jury and that Petitioner's trial counsel should have objected. (Dkt. 3 at 18.)

Petitioner did not raise this claim on appeal from the dismissal of his initial post-

conviction petition. (State's Lodging D-7.) Thus, Claim 13 is procedurally defaulted.

> vi.    Claim 16: IAC based on trial counsel's failure to move to exclude Officer Sunada's testimony at trial on the grounds that the testimony was not admitted at Petitioner's second preliminary hearing

Claim 16 asserts that trial counsel rendered ineffective assistance by failing to

move to exclude an officer's testimony, when that testimony had previously been

excluded by a magistrate judge for purposes of a probable cause determination. (Dkt. 3 at

21.)

Petitioner raised this claim to the Idaho Court of Appeals as Issue 13 in his post-

conviction appellate brief. (State's Lodging D-7 at 5.) Because this claim was also raised

properly in the state district court (Dkt. D-7 at 11), and because it could not have been

raised on direct appeal, this Court presumes that the Idaho Court of Appeals adjudicated

the claim on the merits. *See Richter*, 562 U.S. at 99. Respondent has not rebutted this

presumption. Thus, Claim 16 is not procedurally defaulted, and the Court will address the

merits of this claim below.

> **D.    Petitioner Has Not Established a Legal Excuse to the Procedural Default of Claims 1, 2, 9(b), 10, 12(b), or 13**

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear

the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing

of adequate legal cause for the default and prejudice arising from the default, or (2) a

showing of actual innocence, which means that a miscarriage of justice will occur if the

**MEMORANDUM DECISION AND ORDER - 19**

constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488

(1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and

prejudice nor an assertion of actual innocence under *Schlup* is an independent

constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently

established by the petitioner, allow a federal court to consider the merits of an otherwise

procedurally-defaulted constitutional claim.

                    i.        <u>Cause and Prejudice</u>

       Petitioner appears to assert that cause and prejudice exist to excuse the procedural

default of Claims 1, 12(b), and 13. (Petitioner's Reply at 10-11, 29-31 (Dkt. 18 at 10-11;

Dkt. 18-1 at 7-9).) According to Petitioner, the cause of the default of these claims was

ineffective assistance of trial, direct appeal, or PCR counsel.

       However, Petitioner offers nothing more than bare, conclusory statements that his

attorneys were ineffective. There is no evidence whatsoever that Petitioner's trial or

direct appeal attorneys performed deficiently or that such performance resulted in

prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth the

standard for Sixth Amendment claims of ineffective assistance of counsel). Further,

Petitioner has not shown that Claims 12(b) or 13 are substantial or that his post-

conviction counsel rendered ineffective assistance in failing to raise those claims in the

initial post-conviction proceedings. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012)

("Inadequate assistance of counsel at initial-review collateral proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Ha*

**MEMORANDUM DECISION AND ORDER - 20**

*Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013) (extending *Martinez* to underlying claims of ineffective assistance of direct appeal counsel).

Therefore, Petitioner has not established cause and prejudice to excuse his procedural default.

ii.      Actual Innocence

Petitioner contends that the evidence was insufficient to convict him of burglary. Thus, it appears Petitioner is asserting that the Court should apply the miscarriage of justice, or actual innocence, exception to excuse the procedural default of Claims 1, 2, 9(b), 10, 12(b), and 13.

A petitioner asserting actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the miscarriage of justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653

**MEMORANDUM DECISION AND ORDER - 21**

F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

When a district court is considering whether to grant an evidentiary hearing on an actual innocence claim, it has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Id.* at 331-332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has not met his extremely high burden of establishing actual innocence. Petitioner claims that he did not form the intent to steal until he had already entered the store and that, therefore, he could not have committed a burglary. However, the evidence establishes that Petitioner entered into Shopko with a pocketknife—but without enough money to purchase the stolen merchandise—and then used that pocketknife to cut merchandise out of its packaging; Petitioner took the merchandise and left. This constitutes evidence from which a reasonable juror could conclude that Petitioner had the

**MEMORANDUM DECISION AND ORDER - 22**

intent to steal before he entered the store. Therefore, the actual innocence exception to procedural default does not apply.

Because Petitioner has not shown an adequate legal excuse for the procedural default of Claims 1, 2, 9(b), 10, 12(b), or 13, those claims will be dismissed.

**3.     Analysis of the Merits of Petitioner's Remaining Claims**

Because Claims 1, 2, 9(b), 10, 12(b), 13, 15, 17(b), and 18 are subject to summary dismissal, either for lack of jurisdiction or as procedurally defaulted, the following claims remain for adjudication on the merits: Claims 3, 4, 5, 6, 7, 8, 9(a), 11, 12(a), 14, 16, 17(a), and 19.

### A.     Standard of Law for Review on the Merits

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim:

>    (1)    resulted in a decision that was contrary to, or
>           involved an unreasonable application of, clearly
>           established Federal law, as determined by the
>           Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an
>           unreasonable determination of the facts in light
>           of the evidence presented in the State court
>           proceeding.

**MEMORANDUM DECISION AND ORDER - 23**

28 U.S.C. § 2254(d). Although a federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst*, 501 U.S. at 804, a state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Richter*, 562 at 100.

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Stated more simply, "Section 2254(d) applies regardless of the procedures employed or the decision reached by the state court, as long as a substantive decision was reached." *Teti v. Bender*, 507 F.3d 50, 57 (1st Cir. 2007).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

**MEMORANDUM DECISION AND ORDER - 24**

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Richter*, 562 U.S. 102. The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted).

AEDPA deference is required even where the state court denied the petitioner's claim without expressly addressing it. In such a case, the federal court must "conduct an independent review of the record to "determine what arguments or theories could have supported the state court's decision"; the court must then determine "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a decision of the Supreme Court." *Bemore v. Chappell*, 788 F.3d 1151, 1161 (9th Cir. 2015) (quoting *Richter*, 562 U.S. at 102) (alterations and internal quotation marks omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Circuit law may not be used "to refine or sharpen a general principle of Supreme Court

jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 180. This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010). If the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the

**MEMORANDUM DECISION AND ORDER - 26**

fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This strict deferential standard of § 2254(d) applies to habeas claims except in the following narrow circumstances: (1) where the state appellate court did not decide a properly-asserted federal claim; (2) where the state court's factual findings are unreasonable under § 2254(d)(2); or (3) where an adequate excuse for the procedural default of a claim exists. *Pirtle*, 313 F.3d at 1167. In those circumstances, the federal district court reviews the claim de novo. In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1). Rather, the federal district court

**MEMORANDUM DECISION AND ORDER - 27**

may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d at 1000.

Even if a petitioner succeeds in demonstrating a constitutional error in his conviction or sentence, he is entitled to federal habeas relief only if the petitioner "can establish that [the error] resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Under the *Brecht* standard, an error is not harmless, and habeas relief must be granted, only if the federal court has "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*, 513 U. S. 432, 436 (1995) (internal quotation marks omitted). A "reasonable possibility" of prejudice is insufficient. *Brecht*, 507 U.S. at 637.

### B. Claims 3, 4, 5, 6, 7, 8, 9(a), 11, 12(a), 14, 16, 17(a), and 19 Must Be Denied on the Merits

Petitioner's remaining claims are all IAC claims. The Idaho Court of Appeals appropriately cited *Strickland v. Washington* as the governing federal law applicable to Petitioner's IAC claims. (State's Lodging D-11 at 4.) Therefore, the first clause of § 2254(d)(1)—the "contrary to" clause—is not applicable in this case. The remaining question is whether the state court's decision rejecting Petitioner's IAC claims was an unreasonable application of Supreme Court precedent or was based on an unreasonable factual finding. *See* 28 U.S.C. § 2254(d). For the reasons that follow, the Court concludes it was not.

**MEMORANDUM DECISION AND ORDER - 28**

i.     <u>Claim 3: Ineffective assistance of counsel ("IAC") based on (a) trial counsel's failure to pursue a motion to exclude evidence of prior bad acts, and (b) direct appeal counsel's failure to challenge the admissibility of the prior acts evidence on appeal</u>

Petitioner asserts in Claim 3 that (a) his trial counsel was ineffective in failing to move to exclude evidence of prior bad acts under Idaho Rule of Evidence 404(b), and (b) his direct appeal counsel was ineffective in failing to challenge the admissibility of that evidence on appeal.

Claim 3(a) fails because the record clearly shows that Petitioner's trial attorney *did* file a motion in limine to exclude the prior bad acts evidence and continued to object to the admissibility of that evidence. (State's Lodging A-2 at 66-67.) The state filed a pretrial notice of intent to use Rule 404(b) evidence, and the trial court held hearings on this issue at which defense counsel argued against admission of the evidence. (*Id*. at 70-71; State's Lodging A-9 at 8-22, 40-57; State's Lodging A-12 at 152-92.) The trial court allowed the evidence for the limited purpose of showing Petitioner's plan or preparation with respect to the crimes charged. (State's Lodging A-12 at 192.) Petitioner's counsel attempted to get the evidence excluded and, therefore, did not render ineffective assistance.

Like Claim 3(a), Claim 3(b) also fails because Petitioner's assertions are belied by the record. Direct appeal counsel *did* argue that the Rule 404(b) evidence was improperly admitted. (State's Lodging B-1, B-3.)

Therefore, Petitioner is not entitled to relief on Claim 3(a) or 3(b).

**MEMORANDUM DECISION AND ORDER - 29**

   ii.   <u>Claim 4: IAC based on trial counsel's failure to object to the late
disclosure of evidence—specifically, a video of a person, identified
by loss prevention officers as Petitioner, shoplifting on a previous
occasion</u>

In Claim 4, Petitioner asserts that his trial counsel should have objected to the late

disclosure of a March 2007 surveillance video showing a person, later identified as

Petitioner, shoplifting several months before the events giving rise to the burglary and

petit theft charges against Petitioner. Before trial, the prosecutor made an offer of proof

that two Shopko loss prevention officers had viewed that video and could identify

Petitioner as the thief. (State's Lodging A-12 at 155-87.) During the course of the offer of

proof, one of the witnesses testified that he had just found the actual video upon which

the testimony of the two witnesses was based, and the court and counsel viewed the video

outside the presence of the jury. (*Id*. at 178-79, 206-08.) Though the two store employees

testified at trial (*id*. at 226-37, 274-76), the March 2007 surveillance video was not itself

admitted into evidence.

Petitioner claims that trial counsel "failed to follow through with this objection to

have the video excluded as being highly prejudicial." (Dkt. 3 at 9.) However, the video

was not admitted into evidence. Therefore, there was no reason for defense counsel to

object, and Petitioner suffered no prejudice from any failure to move to exclude the

video. For these reasons, the state court's rejection of Claim 4 was reasonable.

**MEMORANDUM DECISION AND ORDER - 30**

   iii.   <u>Claim 5: IAC based on trial counsel's failure to object to the "in-court identification" of Petitioner by loss prevention officers who recognized Petitioner from the surveillance video referred to in Claim 4</u>

In Claim 5, Petitioner asserts that his attorney should have continued to pursue an objection to the testimony of the two witnesses who viewed the surveillance video and identified Petitioner as having shoplifted on a previous occasion.

Petitioner's attorney objected to the witnesses' testimony. (State's Lodging A-12 at 200-06.) The objection was overruled. It was not deficient performance for trial counsel to decide not to renew an objection that had already been overruled; further, because the trial court had already overruled the objection, Petitioner suffered no prejudice from counsel's actions.

   iv.   <u>Claim 6: IAC based on trial counsel's failure to investigate and obtain the booking sheet from Petitioner's arrest to impeach a police officer's statement as to the amount of money Petitioner was carrying when arrested</u>

Officer Sunada testified at trial that, when Petitioner was arrested, he had approximately $2.00 on him. The prosecutor invited the jury to infer from this testimony that Petitioner had the intent to steal when he entered the store, because he could not have purchased anything with this small amount of money. However, the booking sheet from Petitioner's arrest states that Petitioner had $8.50, not $2.00, when he was arrested. Petitioner alleges that he could have purchased something with this amount of money and that trial counsel should have obtained that evidence before trial, used it to impeach Sunada's testimony, and argued that it negated the element of intent.

**MEMORANDUM DECISION AND ORDER - 31**

The state court of appeals did not expressly address Claim 6. Because the state adopted the district court's analysis in its brief on appeal from the denial of Petitioner's post-conviction petition, it is likely that the Idaho Court of Appeals agreed with that analysis as well. (*See* State's Lodging D-10, Appx. A.) The state district court rejected Claim 6 because "[t]he six dollar and fifty-cent difference between the two amounts [was] *de minimis*," and even $8.50 was insufficient "to have purchased the items stolen by Petitioner." (State's Lodging C-2 at 110-11.) The factual finding that Petitioner did not have the amount necessary to have purchased the stolen items is supported by the record, and the jury could have inferred Petitioner's intent to steal from that fact. Thus, Petitioner could not have suffered any prejudice from counsel's failure to obtain the booking sheet. Therefore, the state court's disposition of Claim 6 was not objectively unreasonable under AEDPA.

> v.     Claim 7: IAC based on trial counsel's failure to object to the prosecutor's statements during closing argument regarding the amount of money Petitioner was carrying when arrested

The Idaho Court of Appeals did not independently explain its reasoning regarding Claim 7, but the state district court rejected it for the same reason as Claim 6—Petitioner could not show prejudice because, even accepting that Petitioner was carrying $8.50, that was still not enough money to purchase the stolen items. (State's Lodging C-2 at 110-11.) Further, there was evidence in the record that Petitioner only had $2.00 when he was arrested, and the prosecutor's comment during closing argument was based on that evidence. Petitioner has shown neither deficient performance nor prejudice from

**MEMORANDUM DECISION AND ORDER - 32**

counsel's failure to object to the prosecutor's statements during closing argument, and the state court's decision was reasonable.

> vi.   Claim 8: IAC based on trial counsel's withdrawal of a motion for acquittal on the burglary charge

Claim 8 asserts that trial counsel should not have withdrawn Petitioner's motion for acquittal under Idaho Criminal Rule 29. The court of appeals denied this claim because "it is clear that the motion to dismiss was not going to be granted and, therefore, counsel was not ineffective for failing to pursue the motion." (State's Lodging D-11 at 6.) Trial counsel did not withdraw the motion until the trial court had already begun explaining "why it was denying the motion." *Id*. Realizing that the trial court was going to deny the motion, counsel withdrew it:

> THE COURT:   Inherently, in this kind of case, an intent to—to steal or commit some other—some felony has to be inferred from the circumstances. There are a fair number of circumstances, in this case, from which the jury may, if they choose to believe the evidence, infer that the defendant had an intent to steal when he entered the Shopko. . . .
>
> [THE DEFENSE]:   Your Honor, I'll withdraw the motion. Thank you.
>
> THE COURT:   All right. Well, I was prepared to deny it, but if you're going to withdraw it, I'll—I'll let you do that. Motion's been withdrawn.

(State's Lodging A-12 at 327 (capitalization in original).)

**MEMORANDUM DECISION AND ORDER - 33**

It is not ineffective assistance for an attorney to withdraw a motion when the judge has already made clear it would be denied. Petitioner cannot show deficient performance or prejudice, and the state court's rejection of Claim 8 was reasonable.

> vii.     Claim 9(a): IAC based on trial counsel's failure to object to the persistent violator enhancement as a double jeopardy violation

The state court of appeals did not explain the reasoning behind its rejection of Claim 9(a), which asserts that Petitioner's persistent violator enhancement violates the Double Jeopardy Clause of the Fifth Amendment. The mostly likely theory supporting the court's decision is the ground upon which the state district court denied the claim—the Double Jeopardy Clause does not bar sentencing enhancements for repeat offenders. *Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("The sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."). (*See* State's Lodging C-2 at 113 (state district court's holding that Idaho's persistent violator statute "does not create a new or separate offense, rather it makes possible an enhancement of punishment for a particular crime when one has previously been convicted of two felonies") (quoting *State v. Salazar*, 516 P.2d 707, 7108 (Idaho 1973)).

Because Claim 9(a) plainly had no merit, it was not unreasonable for the Idaho Court of Appeals to deny Petitioner relief on that claim.

**MEMORANDUM DECISION AND ORDER - 34**

viii.      <u>Claim 11: IAC based on trial counsel's failure to withdraw as Petitioner's attorney</u>

In Claim 11, Petitioner alleges that his trial attorney was ineffective in advising Petitioner to withdraw Petitioner's request for new counsel; that is, that his trial counsel "'talk[ed] him into withdrawing' his motion to disqualify" counsel. (State's Lodging D-11 at 7.) The Idaho Court of Appeals determined that counsel did not perform deficiently in advising Petitioner to withdraw the motion. (*Id.*) The court also found that, "after listening to his counsel, and after considering the advice given by his counsel, [Petitioner] voluntarily chose to withdraw the motion"—a factual finding that is supported by the record. (*Id.*) Finally, Petitioner failed to establish *Strickland* prejudice from withdrawing the motion because he had not shown a reasonable probability that the motion would have been granted if it had not been withdrawn.

The decision of the court of appeals on Claim 11 was not contrary to, or an unreasonable application of, *Strickland*, nor was it based on an unreasonable factual determination. 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to habeas relief on Claim 11.

ix.      <u>Claim 12(a): IAC based on trial counsel's failure to object, on Fifth Amendment grounds, to some of the prosecutor's questions during cross-examination of Petitioner</u>

The Idaho Court of Appeals correctly applied *Strickland* when it rejected Petitioner's claim regarding trial counsel's failure to more frequently object to parts of Petitioner's cross-examination by the state. The court held Petitioner had not established that his trial counsel's decision was based on unsound strategy or that the failure to more

**MEMORANDUM DECISION AND ORDER - 35**

frequently object undermined confidence in the convictions. (State's Lodging D-11 at 5.) Counsel could have reasonably decided to refrain from constantly objecting as part of "a conscious trial strategy to avoid frequent overrulings and annoyance of the jury," and the testimony was "arguably admissible." *Id.* This is particularly true with respect to a Fifth Amendment objection during Petitioner's cross-examination, because "[a] defendant who testifies at trial waives his Fifth Amendment privilege and may be cross-examined on matters made relevant by his direct testimony." *United States v. Black*, 767 F.2d 1334, 1341 (9th Cir. 1985).

These conclusions—that trial counsel made a reasonable strategic choice not to object more frequently and that Petitioner suffered no prejudice from that choice—were reasonable.[8] Therefore, Petitioner is not entitled to relief on Claim 12(a).

> x.   Claim 14: IAC based on trial counsel's failure to impeach Officer Sunada with inconsistent statements as to the amount of money Petitioner was carrying when arrested

Claim 14 again complains of trial counsel's actions regarding Officer Sunada's testimony as to the amount of money Petitioner had when he was arrested. This claim fails for the same reasons as Claims 6 and 7. (*See* Section 3.B.iv & v, *supra*; State's Lodging C-2 at 110-11.)

---

[8]     The Court notes that Petitioner's attorney repeatedly objected that the prosecutor's questions exceeded the scope of direct examination—which is also the scope of Petitioner's waiver of his right to remain silent. (State's Lodging A-12 at 348-63.) Indeed, the trial court stated that it would consider counsel to be making a continuing objection on that basis. (*Id.* at 357.)

**MEMORANDUM DECISION AND ORDER - 36**

xi.     Claim 16: IAC based on trial counsel's failure to move to exclude
        Officer Sunada's testimony at trial because the testimony was not
        admitted at Petitioner's second preliminary hearing

In Claim 16, Petitioner asserts that, because a magistrate judge had earlier

excluded Officer Sunada's testimony from the preliminary hearing for purposes of a

probable cause determination, trial counsel was ineffective in failing to move to exclude

that testimony at trial. Trial counsel argued at the preliminary hearing that Petitioner's

inculpatory statements to Officer Sunada should not be admitted because Sunada's asked

Petitioner misleading questions during Plaintiff's interrogation. The magistrate judge

determined, without considering Sunada's testimony, that probable cause existed to

proceed to trial:

> Okay. Additional testimony that has been presented
> here today—and I'll exclude any testimony of Officer
> Sunada. That way you won't have a problem with it at the
> District Court level.
>
> It's the State's burden to prove that the defendant
> entered Shopko with the intent to commit the crime of theft.
> Using the testimony of [a store employee] alone would
> indicate that she observed the defendant in the store. She
> didn't testify about any observations of the defendant
> undergoing or participating in any traditional shopping
> conduct.
>
> He's what would appear to be my classic non-
> traditional shopper, i.e., thief. And he had a pocketknife with
> which he opened four packages, took the contents referred to
> throughout this preliminary hearing as items, put two in the
> back pocket, one in the waistband, and one in his front
> pocket; and then without any observation of any other
> shopping activity, left—in words of law enforcement, exited
> the commercial establishment.

**MEMORANDUM DECISION AND ORDER - 37**

> That . . . record in and of itself would be sufficient
> enough to . . . send the case to the jury . . . .

(State's Lodging A-6 at 15-16.)

The fact that the magistrate judge did not consider Officer Sunada's testimony at the preliminary hearing did not render that testimony inadmissible at trial. The magistrate determined that, even without Sunada's testimony, the state had met its burden of showing probable cause. The Court has discovered no rule of law—let alone any Supreme Court precedent—that would have required Sunada's testimony to be excluded from trial simply because of the magistrate judge's previous decision not to consider that testimony for purposes of a probable cause determination. Therefore, Petitioner's counsel did not perform deficiently in failing to make such an argument, and Petitioner suffered no prejudice. *See Strickland*, 466 U.S. 668, 687.

xii.     Claim 17(a): IAC based on trial counsel's failure to move to dismiss, at Petitioner's second preliminary hearing, because there was no probable cause with respect to the burglary charge

The magistrate judge determined, after Petitioner's second preliminary hearing, that probable cause existed to support the burglary and petit theft charges as to some property stolen from the store. However, the judge noted that the state had not entered any specific property into evidence and, thus, would be required to amend the criminal complaint to eliminate the reference to specific pieces of property and, instead, to allege generally that Petitioner stole "commercial items" from the store. (State's Lodging A-6 at 16.)

**MEMORANDUM DECISION AND ORDER - 38**

Petitioner relies on this statement from the magistrate judge to support his argument that there was no probable cause for the burglary charge. But that is not what the magistrate judge decided. The magistrate judge did find probable cause that Petitioner committed burglary and stole some things from Shopko—just not that he stole the specific items referenced in the initial charging document. The state appropriately filed an information removing the reference to the specific items and instead alleging that Petitioner "did wrongfully take items of merchandise from the owner." (State's Lodging A-2 at 50-51.) There was no basis upon which trial counsel could have argued that the state had not established probable cause to proceed to trial on the charges in the new information. Further, the burglary charge did not even require the state to show that Petitioner actually stole anything; Petitioner's entrance into the store with the intent to commit theft or any felony sufficed. *See* Idaho Code § 18-1401. Therefore, Petitioner's counsel did not render ineffective assistance, and Claim 18 will be denied.

<blockquote>
xiii.   <u>Claim 19: IAC based on trial counsel's failure to file a timely motion to dismiss on speedy trial grounds</u>
</blockquote>

Petitioner's trial attorney moved to dismiss the charges based on a violation of the right to a speedy trial, but the trial court denied the motion, in part because the motion was untimely. (State's Lodging A-2 at 88-91.) Petitioner argues in Claim 14 that his attorney should have filed the motion earlier.

Four factors inform the analysis of whether there has been a speedy trial violation: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his speedy trial right; and (4) prejudice to the defendants. *Barker v. Wingo*, 407

**MEMORANDUM DECISION AND ORDER - 39**

U.S. 514, 530 (1972). The trial court cited *Barker* and relied on these four factors in its analysis of Petitioner's motion. (State's Lodging A-2 at 89-90.) The trial court did not deny the speedy trial motion solely because it was untimely, but also because the *Barker* factors weighed against finding a speedy trial violation.

There is no reason to believe that the Idaho Court of Appeals rejected Claim 19 for any reason other than the same four *Barker* factors. Further, even if the speedy trial motion had been denied purely on timeliness grounds, applying the *Barker* factors led the state district court to conclude that there was no speedy trial violation. Therefore, Petitioner cannot show prejudice from his counsel's untimely filing because even a timely motion would not have been granted. The state court's decision was not contrary to, or an unreasonable application of, the Supreme Court's decision in *Barker*, nor was the state court's decision based on an unreasonable finding of fact. Therefore, Petitioner is not entitled to relief on Claim 19.

## CONCLUSION

For the reasons set forth above, Claims 1, 2, 9(b), 10, 12(b), 13, 15, 16, 17(b), and 18 are subject to dismissal—either for lack of jurisdiction or as procedurally defaulted—and Petitioner's remaining claims fail on the merits. Therefore, the Court will dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion for Extension of Time to File Exhibits (Dkt. 39) is

GRANTED.

**MEMORANDUM DECISION AND ORDER - 40**

2.      The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED IN PART

and DENIED IN PART as set forth above, and this entire action is

DISMISSED with prejudice.

3.      The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

Petitioner wishes to appeal, he must file a timely notice of appeal with the

Clerk of Court. Petitioner may seek a certificate of appealability from the

Ninth Circuit by filing a request in that court.

DATED: **November 28, 2016**

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 41**